**In the Matter of Robert W. HAMMERLE, Respondent.**

No. 49S00–0811–DI–609.

Supreme Court of Indiana.

Sept. 12, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme

Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In May 2005, Respondent was retained by a client charged with federal offenses. Respondent and the client entered into an agreement under which Respondent would represent the client for a "retainer/flat fee" of $35,000, plus an hourly fee of $250 if the trial lasted more than five days. Prior to this, the client had told Respondent he had no interest in a plea agreement, and the parties prepared for a multi-week jury trial.

After nearly seven months of work on the case, Respondent initiated discussions to revise the fee agreement. Respondent had concluded that the client was certain to be convicted after a lengthy trial and anticipated difficulty collecting the balance of his fee from an incarcerated client. The parties amended their fee agreement and agreed that the client would pay Respondent an additional flat fee of $20,000 and, in exchange, Respondent would drop billing by the hour for all work done after five days of trial. Respondent believed the ultimate fee under this modification would be more beneficial to the client given everyone's anticipation of a lengthy trial, but Respondent now recognizes he should have considered the possibility that the fee modification would be more beneficial to Respondent if the case could be resolved before trial. Respondent did not advise the client to consult with another attorney about of the advisability of amending the fee agreement, and he did not obtain the client's written consent to modify the original agreement. Not long after the fee agreement was modified, the government offered a plea agreement, which the client accepted on Respondent's advice.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history in 37 years of practice; (2) Respondent has devoted substantial time to the representation of and service on behalf of indigent persons charged with crimes; (3) Respondent is remorseful and accepts full responsibility for his actions; and (4) Respondent has repaid $20,000 to the client.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.5(a): Charging an unreasonable fee.

1.8(a): Entering into a business transaction (modification of a fee agreement) with a client unless the client is given reasonable opportunity to seek independent counsel and the client consents in writing to the transaction.

Respondent's violation of Rule 1.5(a) is based solely on Respondent's charging of a fee in excess of the original fee agreement. The Commission does not contend that the total fee the client paid to Respondent would have been unreasonable if Respondent had complied with Rule 1.8(a) in modifying the fee agreement.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.